IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NICHOLE LANG,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>LELAND DUDEK, Acting Commissioner of Social Security,<br><br>　　　　　　　Defendant. | 4:24CV3151<br><br>**MEMORANDUM AND ORDER** |

　　　　This matter is before the Court on the Commissioner of Social Security's Motion to Dismiss.  Filing No. 10.  The Social Security Agency ("SSA") denied Nichole Lang's application for disability benefits in 2022.  Two years later, Lang sought review in federal court.  Because 42 U.S.C. § 405(g) requires such an action to be brought within 60 days of the SSA's final decision, Lang's case is untimely and must be dismissed.

## BACKGROUND

　　　　This case arises from a denial of disability benefits under Title II of the Social Security Act (42 U.S.C. § 401-403).  Lang applied for disability benefits in 2017, and the administrative law judge ("ALJ") found she was not disabled.  She sought review in federal court, and Judge Gerrard remanded the case to the SSA.[1]  On remand, the ALJ once again determined Lang was not disabled in an order dated July 28, 2022.  Filing No. 11-1 at 8–21 (the ALJ's order).

　　　　Lang had two options after the ALJ issued an unfavorable decision.  The first option was the SSA's administrative appeals process.  Within 30 days of the ALJ decision, she could seek review within the agency by timely filing written exceptions with the Appeals

---

[1] Before remanding, Judge Gerrard issued a show cause order after Lang failed to file a timely motion to reverse the SSA's benefits determination.  Filing No. 28, Case No. 4:20-cv-03119-JMG.

1

Council. 20 C.F.R. § 404.984(b). Even if she did not file exceptions, the Appeals Council could, on its own motion, choose to review the case 60 days after the ALJ decision. *Id.* If she took no action, the ALJ's decision became automatically final after the 60 days for Appeals Council review lapsed. *Id.*

The second option was review in federal court. 42 U.S.C. § 405(g) provides a claimant may seek review in federal court within 60 days after SSA's final decision. On remand from federal court, this occurs when the Appeals Council affirms the decision of the ALJ or when the period for Appeals Council review lapses (i.e., 60 days after the ALJ's decision). 20 C.F.R. § 404.984. SSA regulations apply an assumption that the claimant received notice of the agency's decision five days after it is issued. 20 C.F.R. § 422.210(b).

Lang did not file written exceptions by September 1, 2022, or file a suit in federal court by November 26, 2022. Instead, seven months after the order became final and three months after the deadline to file in federal court, she filed written exceptions with the Appeals Council. Filing No. 11-1 at 34. The Appeals Council asked Lang to explain why the appeal was timely filed but received no response. *Id.* Hearing nothing from Lang, the Appeals Council sent a letter on June 27, 2024, stating Lang had not requested review within 30 days of the ALJ's decision and the ALJ's decision was the final decision of the SSA. Filing No. 11-1 at 31. Then, on August 27, 2024, Lang filed this lawsuit. Filing No. 1.

To summarize the relevant timeline:

| July 28, 2022 | ALJ Decision |
|---|---|
| September 1, 2022 | Deadline to file exceptions with the Appeals Council |
| September 27, 2022 | Deadline for Appeals Council to take up the case |
| September 27, 2022 | ALJ decision becomes final |
| November 26, 2022 | Deadline to seek review in federal court |
| February 21, 2023 | Lang files exceptions with the Appeal's Council |
| August 27, 2024 | Lang files this lawsuit |

The SSA moved to dismiss, arguing Lang's suit is untimely. Filing No. 10. It has been over two months since Lang's deadline to file a response brief and the Court has received no response from Lang. *Id.* Although the motion is unopposed, the Court will independently consider the merits of the SSA's arguments. *See* 5B Wright & Miller, Fed. Prac. & Proc. Civ. § 1357 (4th ed.) (collecting authority indicating "[m]ost federal courts will not grant a motion to dismiss for failure to state a claim only because the nonmoving party failed to respond to the motion. The court is still required to conduct the Rule 12(b)(6) inquiry to determine if the complaint states a valid claim for relief.").

## LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) permits the court to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." The question on a 12(b)(6) motion is whether the complaint states a plausible claim for relief. If the complaint, and materials embraced by the complaint, establish a complaint is untimely, dismissal is appropriate.

"While courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, courts additionally consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into

3

one for summary judgment." *Miller v. Redwood Toxicology Lab'y, Inc.*, 688 F.3d 928 (8th Cir. 2012) (quoting 5B Wright & Miller, Fed. Prac. & Proc. Civ. § 1357 (3d ed. 2004)). Courts addressing the statute of limitations in Social Security cases have relied on authenticated portions of the administrative record because such materials are embraced by the complaint. *Shaver v. Astrue*, 783 F. Supp. 2d 1072, 1077 (N.D. Iowa 2011) (collecting cases). The Court does the same and considers the authenticated portions of the administrative record without converting the SSA's motion to dismiss into a motion for summary judgment.

## DISCUSSION

### A. Lang's Request for Judicial Review is Untimely.

With 42 U.S.C. § 405(g), Congress waived the United States' sovereign immunity to provide Social Security claimants with judicial review of benefit determinations by the SSA. But Congress placed limitations on the timing and scope of federal court review. Relevant here, a claimant generally must seek review within 60 days of the SSA's final decision. 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.").

Lang filed this lawsuit outside the time limit imposed by § 405(g). The SSA's decision is final once the time to seek review within the agency runs, or 60 days after the claimant receives notice of the ALJ's decision. 20 C.F.R. § 404.984(d). Here, ALJ issued its decision on July 28, 2022. Lang did not file written exemptions, and the Appeals

4

Council did not take her case up on its own. This means the SSA's decision became final on September 27, 2022, and Lang's deadline to sue in federal court was November 26, 2022. Lang sued almost two years later. So, her suit is untimely.

**B. The Appeals Council's June 27, 2024, Letter Did Not Restart the Clock for Seeking Judicial Review.**

The Appeals Council's June 27, 2024, letter informing Lang that her written exceptions were not timely filed did not restart the clock to seek judicial review. True, an Appeals Council order dismissing an appeal as untimely is the SSA's final decision under some circumstances. Specifically, when the SSA denies a claimant's initial application, the SSA's decision is not final—and the claimant cannot seek judicial review—until the claimant exhausts a four-tiered administrative review procedure culminating in review by the Appeals Council. *Smith v. Berryhill*, 587 U.S. 471, 475–76 (2019); 20 CFR § 416.1400. In *Smith*, the Supreme Court held that a claimant who sought review from the Appeals Council, but had the case dismissed as untimely, received a "final decision" from the SSA and could sue in federal court. *Smith*, 587 U.S. at 489. Specifically, the regulations define the SSA's final decision as the decision by the Appeals Council and a dismissal for untimeliness occurs as the logical progression of the hearing before an ALJ, thus satisfying 405(g)'s requirement of a "final decision made after a hearing." *Id.* at 480–81. Buttressing this conclusion, finding no final decision would deprive the claimant of judicial review and a chance to correct the SSA's error. *Id.* at 482. Thus, the claimant was entitled to judicial review of whether the administrative appeal was properly dismissed as untimely. *Id.* at 487–88.

But, where, like here, a case has been remanded to the SSA by the federal court, the regulations define finality differently. On remand, the claimant can go straight back to

federal court from the ALJ and need not seek review from the Appeals Council. 20 C.F.R. § 404.984. The regulations recognize that Appeals Council review is optional and provide the SSA's decision on remand becomes final automatically once the period for Appeals Council review expires. *Id.* When a claimant files *untimely* written exceptions without an extension from the Appeals Council, it is as if they were never filed for the purposes of finality. *Id.* ("If written exceptions are *timely filed*, the Appeals Council will consider your reasons for disagreeing with the hearing decision and all the issues presented by your case.") (emphasis added). Lang did not obtain an extension or file written exceptions, within 30, 60, or 120 days of the ALJ's decision. Moreover, when asked to show evidence that she timely filed written exceptions, Lang did not request an extension or make an argument for timeliness. Thus, the ALJ's order became final when Lang failed to file timely written exceptions, and the Appeals Council declined to take up her case on its own motion.[2] Applying these regulations here, does not deprive Lang of judicial review because she received a final decision under 405(g) and could have filed this suit as soon as she received the ALJ's decision.

Concluding otherwise, would render the SSA's finality regulations and 405(g)'s statute of limitations a nullity. Specifically, finding a final decision here would allow a claimant to circumvent the statute of limitations by filing written exemptions months or years after the deadline. Such a result would "thwart Congress' own deadline for seeking such review" (*Smith,* 587 U.S. at 481) and adversely affect the weighty institutional interests in the statute of limitations' "customary purpose" and its role as "a mechanism

---

[2] The Court is not confronted with and does not address a situation in which the claimant presented evidence that they timely filed an appeal or argued for tolling before the SSA. Nor is the Court faced with a situation in which Lang filed written exemptions after the deadline to file written exemptions but before the deadline to seek judicial review. These situations may present other concerns.

6

by which Congress was able to move cases to a speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986).  Against this backdrop, the Court concludes the June 27, 2024, letter was not a "final decision after a hearing" triggering a new sixty day timeframe to seek a hearing.

### C. The Current Record Shows no Basis for Equitable Tolling.

Of course, the 60-day timeframe to seek review is a non-jurisdictional claims processing rule, not a limit on the Court's subject matter jurisdiction.  *Bowen*, 476 U.S. at 478–79.  So, the Court can excuse Lang's failure to file within the limitations period, if Lang can show she is entitled to equitable tolling.  *Id.*  The standard for equitable tolling in Social Security cases is an unsettled question in this Circuit[3] but certainly equitable tolling would be available if Lang could show "conduct (by someone other than the claimant) that is misleading or fraudulent."  *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988).  Here, Lang's complaint does not plead any basis for equitable tolling in her complaint and has not responded to the SSA's motion to dismiss.  The Court's review of the record does not show any basis to toll the statute of limitations.  Therefore, absent allegations in the complaint or an argument from Lange regarding tolling, the Court cannot find the statute of limitations was tolled.

The Court recognizes that tolling is fact-intensive issue and there may be more to the story that is not shown in the administrative record.  Moreover, the Court's determination is harder without knowing Lang's position.  The Court would be amendable

---

[3] In a more recent case, the Eighth Circuit applied the standard for equitable tolling in habeas cases, which requires a claimant to show "(1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way." *Thompson v. Comm'r of Soc. Sec. Admin.*, 919 F.3d 1033, 1036 (8th Cir. 2019).  But the court applied the test because it was used by the parties, "without deciding whether an even stricter test might otherwise apply in a non-habeas action." *Id.* at 1036–37.  In any event, the Court need not address which test is correct because Lang did not make an argument under either standard.

7

to considering such evidence and argument in the context of a properly supported motion under Fed. R. Civ. P. 60(b) which permits the Court to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect."

## CONCLUSION

42 U.S.C. § 405(g) required Lang to seek review within sixty days of the SSA's final decision. Because she did not,

IT IS ORDERED:

1. The SSA's Motion to Dismiss, Filing No. 10, is granted.

2. Lang's counsel is directed to share a copy of this order with his client.

3. A separate judgment will be entered in conjunction with this order.

Dated this 17th day of April, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge